# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SWAIN, individually and on behalf of other similarly situated employees; | § § § § | CIVIL ACTION NO. 4:17-cv-00725 |
| vs. | § § § | |
| MPW INDUSTRIAL WATER SERVICES, INC. | § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION & JURY DEMAND

1. Plaintiff, Michael Swain ("Plaintiff"), individually and on behalf of other similarly situated employees ("Putative Class Members") brings this lawsuit against Defendant, MPW Industrial Water Services, Inc. ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*.

## I. OVERVIEW

2. This is a collective action to recover unpaid overtime wages under the FLSA.

3. Plaintiff and the proposed Putative Class Members are current and former employees of Defendant working as field service technicians. Defendant regularly required Plaintiff and the proposed Putative Class Members to work in excess of forty hours per workweek without receiving overtime compensation. Accordingly, Plaintiff brings this action on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation under the FLSA. 29 U.S.C. § 216(b).

4. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a). Defendant also violated § 15(a)(3) of the FLSA when it retaliated against Plaintiff for asserting his rights under the FLSA.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under 29 U.S.C. §§§ 207(a)(1), 216(b), and 215(a)(3) of the FLSA.

6. Venue is proper in the Southern District of Texas, because a substantial portion of the events forming the basis of this suit occurred in this District. *See* 28 U.S.C. § 1391(a).

## III. PARTIES

7. Plaintiff is an individual residing in Harris County, Texas.

8. Putative Class Members are all operators or field service technicians Defendant employed from January 1st, 2016, until the time notice is issued, who worked more than 40 hours in at least one workweek.

9. Defendant, MPW Industrial Water Services, Inc., is a foreign limited liability company which may be served through its registered agent, Stepfanie Lynn Coe, located at 9711 Lancaster Road SE, Hebron, Ohio 43025.

## IV. FLSA COVERAGE

10. At all material times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d) of the FLSA.

11. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r) of the FLSA.

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA, because they had employees engaged in commerce.

13. Defendant has had, and continues to have, an annual gross business volume in excess of the FLSA's requirement.

14. At all material times, Plaintiff and the Putative Class Members were and are nonexempt employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

15. Plaintiff and the Putative Class Members were and are non-exempt employees who were paid on an hourly basis.

16. Plaintiff and the Putative Class Members were and are subjected to similar violations of the FLSA. The class of similarly-situated employees or potential members seeking to be certified under 29 U.S.C. § 216(b) is defined as other operators and field service technicians employed by Defendant.

17. The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and its related and affiliated entities.

18. During the relevant time period, Defendant acting directly or through its affiliates, subsidiaries, general partners, parent entities, created, ratified and implemented Defendant's unlawful payment scheme.

## V. FACTS

19. Defendant provides water purification services for power plants across the United States. Defendant sends its various operators and field service technicians to provide these services at power plants in Baytown, Texas; Forney, Texas; Galveston, Texas; and other cities in Florida, Virginia, and Ohio.

20. Defendant employed Plaintiff as a field service technician at a Baytown power plant beginning on July 22, 2016. Plaintiff's job duties included performing manual labor and other operational services via a laptop or computer.

21. The Putative Class Members performed the same or similar job duties as Plaintiff at various power plants across the United States.

22. Defendant required Plaintiff and the Putative Class Members to work sixty hours per workweek.

23. Although Plaintiff and the Putative Class Members were required to and did regularly work more than forty hours per workweek, they were not compensated at the FLSA mandated time-and-a-half rate for hours worked in excess of forty per workweek, in violation of the FLSA.

24. Defendant required Plaintiff and the Putative Class Members to work more than forty hours per workweek, in addition to being "on-call" at all times of the day.

25. This willful scheme to deprive Plaintiff and the Putative Class Members of their pay violates the FLSA's requirements to pay employees for all time that they work.

26. Plaintiff has actual knowledge, through conversations with his co-workers, that a class of similarly situated Putative Class Members exists who have been subjected to Defendant's policy of not paying for all compensable time worked and not paying overtime for all hours worked over forty per workweek.

27. The Putative Class Members are similarly situated to Plaintiffs in that they all hold the same job duties and responsibilities.

28. Plaintiff and the Putative Class Members are similarly situated in their job duties, compensation, and were and are victims of Defendant's common plan or practice to deprive them of pay for time worked.

29. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Putative Class Members.

30. The specific job titles or precise job responsibilities of each Putative Class Member does not foreclose collective treatment.

31. Like Plaintiff, all of the Putative Class Members are entitled to receive overtime compensation.

32. The claims of all Putative Class Members arise from a common nucleus of facts. Liability is based on Defendant's systematic course of wrongful conduct that harmed all Putative Class Members.

33. Although the exact amount of damages may vary among the individual Putative Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

34. Plaintiff has filed this lawsuit on behalf of himself and the Putative Class Members to recover unpaid overtime and benefits.

35. In early January 2017, Plaintiff asked his manager, Chris Boudreaux, about whether he was entitled to receive wages under the FLSA for the overtime hours he worked. A few days later, Plaintiff's manager asked him to sign a document stating that he was only owed wages for fifteen hours and that he was not otherwise entitled to overtime. Plaintiff refused. The next day, he was terminated.

## VI. CAUSE OF ACTION – VIOLATION OF 29 U.S.C. § 207

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37. Defendant failed to pay Plaintiff and the Putative Class Members for all hours worked in excess of 40 hours per workweek at a rate not less than one and one-half times their regular rate. Defendant violated and continues to violate the FLSA. *See* 29 U.S.C. § 207.

38. Defendant failed to account for and pay Plaintiff and the Putative Class Members for time worked during mandatory safety meetings, online training, and meal breaks (including overtime).

39. None of the FLSA exemptions—regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid—are applicable to Defendant, Plaintiff and the Putative Class Members.

40. Defendant's failure to pay overtime to Plaintiff and Putative Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

41. Defendant has knowledge of employees' complaints about the fact that they were not receiving overtime, yet the Defendant continued with its unlawful pay practices.

42. Due to the Defendant's willful FLSA violations, Plaintiff and the Putative Class Members seek to recover from Defendant their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## VII. CAUSE OF ACTION – VIOLATION OF 29 U.S.C. § 211(c)

43. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

44. Defendant failed to keep adequate records of Plaintiff and the Putative Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

45. Federal law mandates that an employer is required to keep for three years all payroll records and other records containing the following information:

    a. The time of day and day of week on which the employees' workweek begins;

    b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per workweek, or other basis;

    d. The amount and nature of each payment which, pursuant to section 207(e) of the FLSA, is excluded from the "regular rate;"

    e. The hours worked and each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period, including employee purchase orders or wage assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment. 29 C.F.R. §§ 516.2, 516.5.

46. Defendant has not complied with these requirements and has failed to maintain such records with respect to Plaintiff and the Putative Class Members. Because Defendant's records are inaccurate, inadequate, and/or incomplete, Plaintiff and the Putative Class Members can meet their

burden under the FLSA by proving that they, in fact, performed work for which they were improperly or not at all compensated, by producing sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference."

## VIII. CAUSE OF ACTION – VIOLATION OF 29 U.S.C. § 215(a)(3)

47. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

48. Defendant terminated Plaintiff for asserting his rights under the FLSA in violation of section 15(a)(3) of the FLSA. *See* 29 U.S.C. § 15(a)(3).

## IX. JURY DEMAND

49. Plaintiff and the Putative Class Members hereby demand trial by jury.

## X. PRAYER

50. Plaintiff and the Putative Class Members ask for the following relief:

    a. An order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

    b. An Order pursuant to Section 216(b) of the FLSA finding Defendant liable to Plaintiff and the Putative Class Members for unpaid overtime premiums for three years preceding the filing of this complaint to the present.

    c. An Order finding that Plaintiff and the Putative Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

d. An Order awarding attorneys' fees, costs and disbursements, and pre- and post-judgment interest.

e. An Order granting such other and further relief as may be necessary and appropriate.

                                    Respectfully submitted,

                                    HERBERT & MCCLELLAND, LLP

                                    */s/ Shane McClelland*
                                    Shane A. McClelland
                                    Texas State Bar No.: 24046383
                                    SD Tex. Bar No.: 642324
                                    Attorney-in-Charge for Plaintiff and the Putative Class Members
                                    Luis Baez
                                    Texas State Bar No.: 24086192
                                    SD Tex. Bar No.: 2582426
                                    3411 Richmond Avenue, Suite 400
                                    Houston, Texas 77046
                                    Telephone:   (713) 987-7100
                                    Facsimile:    (713) 987-7120
                                    Email:         smcclelland@shmfirm.com
                                    Email:         lbaez@shmfirm.com